Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHELE TCHOROUKIAN,<br><br>                 Plaintiff,<br><br>-vs-<br><br>SYNCHRONY BANK,<br><br>                 Defendant. | CASE NO.: 5:26-cv-04306<br><br>**COMPLAINT**<br><br>1. Violation of the Fair Credit Billing Act, 15 U.S.C. § 1666, *et seq.*<br>2. Violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*<br>3. Violation of California Consumer Credit Reporting Agencies Act, |

**JURY TRIAL DEMANDED**

**INTRODUCTION**

1.       This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Billing Act, 15 U.S.C. § 1666, *et seq.* (the "FCBA"), the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA"), and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a) (the "CCRAA").

**JURISDICTION AND VENUE**

2.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §

COMPLAINT

1

1331, as this action is brought pursuant to a law of the United States, the FCBA, 15 U.S.C. § 1666, *et seq.*

3.     This Court also has jurisdiction over this matter pursuant to the FCBA, specifically 15 U.S.C. § 1640(e), which states, "[A]ny action under this section may be brought in any United States district court…"

4.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as they are so related to Plaintiff's federal law claims in this action that they form part of the same case or controversy.

5.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides within this District, Defendant transacts business throughout this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

**PARTIES**

6.     Plaintiff, MICHELE TCHOROUKIAN ("Plaintiff"), is a natural person residing in San Bernardino County in the State of California, and is a "person" as defined by 15 U.S.C. § 1602(e), as she is a natural person.

7.     At all relevant times herein, Defendant, SYNCHRONY BANK USA, ("Defendant") was a national bank with its headquarters located in Draper, Utah.

**FACTUAL ALLEGATIONS**

8.     On or about March 24, 2025, Plaintiff booked a two-bedroom, two-bathroom suite at the Heart of West Hollywood for the period of May 24, 2025 through May 30, 3035 on Booking.com. Plaintiff used her Verizon Visa Signature credit card issued by Defendant (the "Visa card") for payment.

9.     On or about May 24, 2025, upon her arrival at the reserved suite, Plaintiff discovered the space was not as advertised. Plaintiff did not complete the check in process and immediately requested a cancellation of her reservation and a refund of all associated charges made to her Visa card.

COMPLAINT

2

10. On or about May 24, 2025, Plaintiff received an email regarding "hotel booking cancellation authorization," which indicated she would be charged a cancellation penalty in the amount of $427.89 and would be issued a refund in the amount of $1,081.33, to be credited back to her Visa card account within 10-15 days. Plaintiff agreed to this refund via return email the same day.

11. Despite having received confirmation of the cancellation and refund to be made to her Visa card account, Plaintiff continued to receive emails from Booking.com indicating she was being charged the full amount for the cancelled reservation.

12. On or about May 25, 2025, Plaintiff sent a follow-up email requesting a status of the refund to her Visa card account and noting that the suite was still being inappropriately advertised on the Booking.com website, despite representations that the listing would be removed.

13. On or about May 27, 2025, Plaintiff again sent an email regarding the charges posted to her Visa card account, including the initial reservation fee of $1,231.33 and an additional charge of $427.89. She again requested the status of the promised refund. She further provided various photographs which illustrated that the suite was not as advertised.

14. On or about June 9, 2025, Plaintiff's Visa card account was credited $427.89.

15. On or about July 3, 2025, Plaintiff disputed the charges again with Booking.com.

16. On or about June 15, 2025, Plaintiff called and again sent an email requesting the status of the promised refund of $1,231.33.

17. On or about June 24, 2025, Plaintiff's Visa card account was credited $1,231.33. However, on or about July 15, 2025, Plaintiff's Visa card account was rebilled $1,231.33. The account also accrued interest and fees on this charge.

COMPLAINT

3

18. On or about August 4, 2025, Plaintiff again disputed the charge of $1,231.33 with Defendant and a new claim was opened.

19. On or about August 14, 2025, Plaintiff disputed the charge of $1,231.33 with Defendant for a third time, via phone, and a new claim was opened.

20. On or about September 8, 2025, Defendant notified Plaintiff it would not be issuing the credit as previously promised. Accordingly, on or about September 10, 2025, Plaintiff reopened the dispute with Defendant via phone.

21. Defendant reported Plaintiff's Visa card account as being in collections to the credit reporting agencies.

22. Despite all of Plaintiff's requests and all of the information Plaintiff provided to Defendant, the improper charges were never properly reversed and credited to Plaintiff's Visa card account.

23. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for Plaintiff's legal rights.

25. As a result of Defendant's failure to properly investigate Plaintiff's claims related to the disputed activity on to Plaintiff's Visa card account, Plaintiff has incurred and continue to incur damages which include, but are not limited to, the following:

    a. Loss of funds charged to Plaintiff's Visa card account;

    b. Loss of interest and/or fees charged to Plaintiff's Visa card account for the disputed transactions;

    c. Damage to Plaintiff's credit score and credit record;

COMPLAINT

    d.    Out-of-pocket expenses associated with disputing the inaccurate information and attempting unsuccessfully to correct Defendant's errors; and

    e.    Aggravation, inconvenience, frustration, emotional distress, and similar categories of damages.

26. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages, and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of all statutory, actual, and punitive damages to which Plaintiff is entitled, along with attorneys' fees and costs, as well as such other relief permitted by law.

27. Pursuant to Cal. Civ. Code § 1782(a), Plaintiff provided Defendant with written notice of the violations alleged herein. On June 24, 2026, Plaintiff, through her counsel, sent Defendant a written CLRA notice letter via certified U.S. Mail addressed to its registered agent, CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, California 91203. The letter detailed Defendant's deceptive and unlawful conduct and demanded that Defendant correct, repair, replace, or otherwise rectify the violations within 30 days, as required by law. Defendant failed to adequately remedy the violations within the statutory period. A true and correct copy of the CLRA notice letter is attached hereto as Exhibit A and incorporated herein by reference.

**COUNT I**
**VIOLATION OF THE FAIR CREDIT BILLING ACT**

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. The disputed charges to Plaintiff's Visa card account as described herein are a "consumer credit transaction" as defined in 15 U.S.C. § 1602(i), as it

COMPLAINT

5

is a transaction in which the party to whom credit was offered or extended, Plaintiff, is a natural person, and the money, property, or services which are the subject of the transaction were ostensibly primarily for personal, family, or household purposes.

30.   Plaintiff notified Defendant of the fraudulent and unauthorized nature of the disputed transactions prior to 60 days after Defendant transmitted to Plaintiff a statement of account in connection with said fraudulent and unauthorized extension of consumer credit.

31.   Defendant failed to make appropriate corrections in Plaintiff's Visa card account, including, but not limited to, the crediting of all finance charges associated with the disputed transactions.

32.   As a result of Defendant's violations of the Fair Credit Billing Act described herein, Plaintiff is entitled to the relief described in 15 U.S.C. § 1640.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.   Statutory damages of twice the amount of any finance charges associated with the disputed transactions on to Plaintiff's Visa card account, pursuant to 15 U.S.C. § 1640(a)(2)(A)(i);

B.   Statutory damages of $5,000.00 due to the disputed transactions on to Plaintiff's Visa card account, pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii);

C.   Actual damages suffered by Plaintiff, pursuant to 15 U.S.C. § 1640(a)(1);

D.   All costs incurred by Plaintiffs in relation to this action;

E.   Reasonable attorneys' fees, pursuant to 15 U.S.C. § 1640(a)(3); and

COMPLAINT

6

F.  For such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT

33.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34.  Plaintiff is a "consumer" within the meaning of Cal. Civ. Code § 1761(d) because she sought and obtained Defendant's services for personal, family, or household purposes.

35.  Defendant is a "person" within the meaning of Cal. Civ. Code § 1761(c) and provided services within the meaning of Cal. Civ. Code § 1761(b).

36.  The activities at issue constitute "services" within the meaning of the CLRA because they involve work, labor, and services provided in connection with a consumer credit card.

37.  Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices in violation of Cal. Civ. Code § 1770.

38.  Specifically, Defendant violated the CLRA including but not limited to the following violations of Cal. Civ. Code § 1770(a):

    a.  Representing that services had characteristics, uses, or benefits which they did not have, in violation of Cal. Civ. Code § 1770(a)(5);

    b.  Representing that services were of a particular standard, quality, or grade when they were of another, in violation of Cal. Civ. Code § 1770(a)(7);

    c.  Representing that a transaction conferred rights, remedies, or obligations which it did not have, in violation of Cal. Civ. Code § 1770(a)(14); and

COMPLAINT

7

d.    Representing that services had been supplied in accordance with previous representations when they had not, in violation of Cal. Civ. Code § 1770(a)(16).

39.    Defendant misrepresented the status of Plaintiff's Visa card account, falsely reported Plaintiff as in collection, and refused to credit amounts to her account as warranted and as promised.

40.    As a direct and proximate result of Defendant's unlawful practices, Plaintiff suffered damages including unreimbursed charges, interest, fees, financial losses, emotional distress, and loss of time and resources attempting to correct Defendant's misconduct.

41.    Pursuant to Cal. Civ. Code § 1780, Plaintiff seeks actual damages, restitution, injunctive relief, punitive damages where permitted, attorneys' fees, and costs.

42.    Plaintiff also seeks public injunctive relief prohibiting Defendant from continuing the unlawful and deceptive servicing practices described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.    For actual damages, restitution, injunctive relief, and punitive damages where permitted, pursuant to Cal. Civ. Code § 1780, for Defendant's violations of the CLRA;

B.    For reasonable attorneys' fees and costs of suit pursuant to Cal. Civ. Code § 1780; and

C.    For such other and further relief, including equitable and declaratory relief, as the Court may deem just and proper.

///

///

COMPLAINT

8

## COUNT III
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. Cal. Civ. Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

45. Defendant negligently and willfully furnished information to the credit reporting agencies that it knew or should have known was inaccurate, including that Plaintiff's Visa card account belonged in collections.

46. Based on these violations of Cal. Civ. Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Cal. Civ. Code § 1785.31, including actual damages, attorney's fees, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

        A. Actual damages;

        B. Statutory damages;

        C. Punitive damages;

        D. Costs and reasonable attorney's fees; and

        E. For such other and further relief as the Court may deem just and proper.

///

///

COMPLAINT

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 31st day of July, 2026.

By:  /s/ Todd M. Friedman
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff